CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 4, 2013

LETTER TO COUNSEL:

      RE:    *Nedra Stanley v. Commissioner, Social Security Administration*;
             Civil No. SAG-11-671

Dear Counsel:

      On March 14, 2011, the Plaintiff, Nedra Stanley, petitioned this Court to review the Social Security Administration's final decision to deny her claims for Supplemental Security Income and Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 21, 23). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

      Ms. Stanley filed her claims for benefits on November 25, 2008, claiming disability beginning on February 1, 2005. (Tr. 115-21). Her claims were denied initially on February 26, 2009, and on reconsideration on July 23, 2009. (Tr. 70-73, 74-5). A hearing was held before an Administrative Law Judge ("ALJ") on February 23, 2010. (Tr. 31-67). Following the hearing, on May 16, 2010, the ALJ determined that Ms. Stanley was not disabled during the relevant time frame. (Tr. 13-30). The Appeals Council denied Ms. Stanley's request for review (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Ms. Stanley suffered from the severe impairments of obesity, depression, and right carpal tunnel syndrome. (Tr. 18). Despite these impairments, the ALJ determined that Ms. Stanley retained the residual functional capacity ("RFC") to:

> [P]erform medium work as defined in 20 CFR 416.967(c). She is limited to frequent, as opposed to constant handling, fingering, and activities with her dominant right hand. The claimant should also have simple, unskilled work. The claimant should do work with only occasional contact with co-workers and the general public. The claimant's work should not be production pace work. The claimant can do low stress work that is defined as only occasional changes in the work setting.

(Tr. 21). After considering the testimony of a vocational expert ("VE"), the ALJ determined that

Ms. Stanley could perform work existing in significant numbers in the national economy, and that she was therefore not disabled during the relevant time frame. (Tr. 25-26).

Ms. Stanley's primary argument on appeal is that the ALJ erroneously assessed her RFC. This main challenge has two subparts: (1) that the ALJ did not explain how she evaluated the evidence of record in assessing Ms. Stanley's RFC; and (2) that the ALJ failed to properly evaluate the opinions of Ms. Stanley's treating healthcare providers and articulate the reasons for giving less weight to their opinions. I find Ms. Stanley's overall argument, including its subparts, lacking in merit.

Ms. Stanley first argues that the ALJ failed to properly address her limitations in a narrative, function-by-function assessment of evidence in the record pursuant to Social Security Ruling ("SSR") 96-8p[1]. Pl. Mot. 3-6. This contention does not hold water. The ALJ's RFC analysis spans more than three pages and includes a detailed review of the records from Ms. Stanley's treating healthcare providers and State agency psychologists and physicians. (Tr. 21-24, 209-10, 245-258, 259-62, 263-66, 288-301, 302-05, 306-10, 311-13, 321). Moreover, Ms. Stanley's argument consists entirely of boilerplate excerpts from Social Security regulations, and provides no analysis of how a more detailed assessment might have resulted in a different outcome. The ALJ's RFC determination provides substantial evidence to support her assessment that Ms. Stanley would be capable of medium, unskilled employment that is available in the national economy.

In the second subpart of Ms. Stanley's argument, she contends that the ALJ erred in her evaluation of the opinions of her treating healthcare providers. Specifically, Ms. Stanley alleges that the ALJ did not consider Ms. Patti Dudley's questionnaire, regarding her mental capacities. Contrary to that assessment, the ALJ in fact noted that Ms. Dudley completed a medical assessment form and wrote a letter to Ms. Stanley's representative, in which she opined that Ms. Stanley experienced intrusive thoughts, voices, and severe depression. (Tr. 23, 321, 325-29). The ALJ explained, however, that the conclusions reached by consulting psychologists, in concert with other information in the record, contradicted Ms. Dudley's opinion. (Tr. 23, 24, 259-261, 302-304). State agency psychologists Drs. Wessel and Dale found Ms. Stanley to be capable of work-related functions despite her depressive disorder, and interpreted her treatment record to show that she functioned in a generally independent fashion. (Tr. 24, 261, 304). Further, Ms. Dudley is a licensed clinical social worker and thus is considered an "other source" under SSR 06-03p. 2006 WL 2329939 at *2 (Aug. 9, 2006). Information from such professionals may provide insight into the severity of an impairment, but they "cannot establish

---

[1] SSR 96-8p requires that an RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence… The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184 (July 2, 1996), at *2.

the existence" of a disabling impairment. *Id.* Rather, an ALJ may consider the opinion of other sources, including treating therapists, in light of "how consistent the opinion is with other evidence," and "any other factors that tend to support or refute the opinion." *Id.* at *4. Therefore, any error made by the ALJ in not explicitly assigning weight to Ms. Dudley's opinion is harmless.

Additionally, Ms. Stanley argues that the ALJ erred in failing to evaluate Dr. Norman Thanwy's finding that she could engage in handling, fingering, and feeling with her dominant right hand no more than occasionally, and in failing to assign his opinion weight. Pl. Mot. 8-11. A treating physician's opinion must be given controlling weight when it is "well supported by medically acceptable clinical and laboratory techniques," and is "not inconsistent with the other substantial evidence in the case record." 20 C.F.R. § 416.927(d)(3). However, this Court and the Fourth Circuit have both noted that a treating physician's opinion should be given substantially less weight if is inconsistent with or unsupported by evidence in the record. *See Craig v. Chater*, 76 F.3d 585, 490 (4th Cir. 1996); *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001); *Shorts v. Astrue*, No. TMD 09-1265M, 2011 WL 90006 at *3 (D. Md. Jan. 11, 2011). In regards to Ms. Stanley's right hand and wrist impairments, the ALJ noted that there was "no objective testing and no treatment records" regarding Ms. Stanley's wrist in the file. (Tr. 18). The record in fact shows that Dr. Thanwy and a consulting physician, Dr. Christian Jensen, assessed Ms. Stanley as having a positive Phalen's sign[2] and weakness in her right wrist on physical examination, consistent with carpal tunnel syndrome. (Tr. 265, 313). However, the record does not demonstrate further electrodiagnostic testing or imaging to confirm such a diagnosis.

Despite her failure to specifically assign weight to Dr. Thanwy's opinion, the ALJ's decision impliedly demonstrates that she determined that his opinion warranted lesser weight. In his treatment notes, Dr. Thanwy observed that Ms. Stanley admitted that her health status was "excellent," and commented that Ms. Stanley is a "pleasant, 46-year-old female in no apparent distress who looks her given age, is well-developed and nourished with good attention to hygiene and body habits." (Tr. 272). Dr. Thanwy also noted that Ms. Stanley's "mood and affect appear normal." *Id.* Yet, Dr. Thanwy opined that Ms. Stanley could never lift any amount of weight and could sit for only one hour, indicating that she was incapable of even sedentary work. (Tr. 314-15). Additionally, during her step two analysis, the ALJ discussed the limited medical evidence supporting debilitating carpal tunnel syndrome in Dr. Thanwy's notes and elsewhere in the record and the utter absence of treatment records for the impairment. (Tr. 22-23, 265, 313). Dr. Thanwy recommended that Ms. Stanley was capable of occasional fingering and handling with her right hand. The ALJ included a limitation, though less restrictive, in the RFC determination of the activities Ms. Stanley could perform with her right hand. (Tr. 21). In light

---

[2] *See Carpal Tunnel Syndrome Fact Sheet*, National Institute of Neurological Disorders and Stroke, http://www.ninds.nih.gov/disorders/carpal_tunnel/detail_carpal_tunnel.htm (explaining that physicians use tests such as the Phalen test to reproduce the symptoms of carpal tunnel syndrome during a physical examination).

of that substantial evidence inconsistent with Dr. Thanwy's opinion and the ALJ's discussion of Dr. Thanwy's findings and treatment records, remand is unwarranted only on the basis of the ALJ's failure to explicitly state the weight given to the opinion.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 21) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 23) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge